20006

The STATE, Appellant, v. Richard D. WAY, Jr., Respondent
(214 S. E. (2d) 640)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Richard P. Wilson, Staff Atty.,* of Columbia, *for Appellant,*

*Robert M. McInnis,* of North Myrtle Beach, *for Respondent,*

May 7, 1975.

*Per Curiam:*

Upon failure of the respondent to appear in court at the designated time, the recorder of the Myrtle Beach City Court directed a forfeiture of bail in a case charging him with driving a motor vehicle while under the influence. The recorder overruled a motion for a new trial. The respondent appealed the ruling to the associate judge of the Civil and Criminal Court of Horry County, which court has concurrent jurisdiction with the court of common pleas to hear appeals from recorder's courts. After a hearing the associate judge reversed the recorder, reopened the case and granted the respondent a new trial. The State has appealed.

The authority of the associate judge to act in this matter has not been placed in issue. However, we take judicial notice of the fact that on April 4, 1973, the General Assembly ratified the new Judicial Article V as an amendment to the Constitution of South Carolina, and further take judicial notice of the fact that the office of associate judge was thereafter created on May 24, 1973, by Act No. 246 of the General Assembly for 1973.

In *Cort Industries Corp. v. Swirl, Inc.,* Opinion No. 19982 filed in this Court March 31, 1975, we discussed the

effect of the constitutional amendment on the authority of the General Assembly to alter the court system other than as mandated by the people in new Article V. Inasmuch as we conclude that the order of the associate judge must be invalidated on the merits of the case, we need not consider the impact of *Cort* upon Act No. 246 but will assume, without so deciding, that the associate judge had authority to hear the appeal.

## THE MERITS

On January 17, 1973, Richard D. Way, Jr., respondent, was arrested and charged with driving a motor vehicle while under the influence of intoxicants (Code § 46-363). He was summonsed by service of a uniform traffic ticket to appear for trial on January 22, 1973, before the recorder's court of the city of Myrtle Beach. Respondent retained counsel and several continuances were granted before a jury term of court was called by the recorder for June 18 and 19, 1974. Neither the respondent nor his counsel appeared at the appointed time.

An associate of respondent's counsel (in no way connected with the case and in court on other business) informed the court on June 18 that it was his understanding that respondent was being hospitalized that day and that the court would be contacted by his counsel, and it was further his understanding, or he assumed, that a doctor's certificate would be presented to the court later that day.

At the conclusion of the term of court no appearance had been made for the respondent and no motion had been made for a continuance. The recorder then treated the respondent's case as a forfeiture of bail and notified the South Carolina Highway Department. When, on August 16, 1974, the Department notified respondent that his license had been suspended as required by § 46-348, counsel immediately moved for a new trial on the ground that respondent was confined in the Ocean View Memorial Hospital on June 18 and 19, and that the court was so advised.

A hearing on the motion was held on September 13, 1974. The recorder found that "no motion for [a] continuance or for other appropriate relief was made on the part of the Defendant before or during the June 18th and 19th, 1974 term . . .," and denied the motion.

From the recorder's denial of the motion respondent appealed to the associate judge of the Horry County Civil and Criminal Court, who reopened the case and granted a new trial, holding that ". . . on those dates, the Defendant, Richard D. Way, Jr., was confined in the Ocean View Memorial Hospital, Myrtle Beach, South Carolina and that the Court had actual notice of the confinement, . . ."

The finding of the associate judge is not substantiated by the record before us. If indeed the respondent was in the hospital on these days, no one swears to that fact and no one explains why he entered the hospital at that time. It is not disputed that the respondent had notice of the term of court; it is not contested but that no motion for a continuance was made. The recorder was not required to continue the case merely because one, not involved in the trial, commented that it was his understanding that the respondent was being hospitalized that day.

The respondent has ignored the processes of the recorder's court. Failure to appear individually or through counsel and move for a continuance has not been justified. We are aware of no duty imposed upon the recorder which he did not perform. Accordingly, the order of the associate judge of the Horry County Civil and Criminal Court is

Reversed.

BUSSEY, J., dissented.

BUSSEY, Justice (dissenting) :

Being unconvinced by the proposed *per curiam* opinion, I most respectfully dissent. To approach the issues somewhat inversely it appears to me that the State questions, for the first time on appeal, and thus improperly so, the fact,

as confirmed by the judge below, that on the dates in question the defendant was confined in the Ocean View Memorial Hospital, Myrtle Beach, South Carolina, and that the recorder had actual notice of such confinement at the time.

The statement of the case, the order of the recorder denying the new trial, and the return of the recorder on appeal all agree that the motion for a new trial was predicated on the ground that the defendant was confined in the Ocean View Memorial Hospital on June 18th and 19th, 1974, and that the trial court was then so advised. The factual accuracy of these grounds was tacitly admitted and not at all denied by the recorder, he having denied the motion for a new trial on *the sole ground that no motion for a continuance* had been made before or during the June term of court.

The record, as is not at all unusual in appeals from magistrate's and recorder's courts, leaves a great deal to be desired, but it leaves no real room for doubt that the defendant was in fact confined to the hospital as alleged, and that the recorder had full knowledge thereabout. Such facts appear to have been conceded below. In arguing before this Court that appellant's contention in this respect was not properly before the court, not having been raised below, present counsel for defendant stated before this Court, as an officer thereof, that he was present in the recorder's court on June 18, 1974 and that the recorder had sent an officer to confirm the fact that the defendant was in fact confined to the hospital as alleged. The accuracy of such statement is not challenged.

This Court should take judicial notice of the fact that the defendant's retained counsel, during the summer of 1974, was engaged in an ardent campaign for Congress, which eventually proved to be successful. Such fact was unquestionably known to the recorder when counsel did not appear in his court on June 18th or the following date, June 19th. We are not presently concerned with what justification if any, retained counsel had for not being present or

at least contacting the court. What we are concerned with is what facts were known to the recorder and what, if any, his duty was to the defendant, under all of the circumstances known to the recorder.

To summarize, the recorder knew during the June term of court that, (1) the defendant was confined to the hospital and unable to attend court; (2) that the defendant was represented by retained counsel; (3) that such retained counsel did not appear on behalf of the defendant and that there were circumstances which might have somewhat explained, if not justified, his absence.

Under these circumstances I think it was the duty of the recorder to take some step, in the interest of justice, to safeguard the rights of the accused, who in all likelihood had no way of knowing whether his retained counsel was present and whether or not he had moved for a continuance. The ABA Standards of Criminal Justice, Function of The Trial Judge, sec. 1.1(a) provides:

"The trial judge has the responsibility of safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. The adversary nature of the proceedings *does not* relieve the trial judge of the obligation of raising *on his own initiative,* at all appropriate times and in an appropriate manner, matters which significantly promote a just determination of the trial." (Emphasis added.)

Instead of taking any step to safeguard the rights of the accused, it is at least inferable from the record that the recorder became somewhat peeved because retained counsel did not contact the court and present a doctor's certificate confirming a fact already known by the court, to wit: that the defendant was, on the dates in question, confined in the hospital.

For the purpose of this appeal, it may be assumed, without so deciding, that there was no justification whatever for retained counsel not being more attentive to duty and

more respectful to the court, but counsel and not the defendant should have suffered the consequences of any dereliction on the part of counsel in these particulars.

The record is vague as to precisely when the recorder reached a decision, following the June term, to forfeit the defendant's bond, but in any event the record reflects that it was not until some three weeks after the June term of court, to wit: July 11, 1974, when without any further notice to the defendant or his retained counsel, the recorder certified to the State Highway Department upon the official summons that defendant's bond was forfeited. It is conceded that the defendant moved immediately for a new trial as soon as he learned of the recorder's July 11th action and, unquestionably, in the view of the writer, the motion should have been granted.

I would accordingly affirm the judgment of the lower court.